IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEVIN WEBSTER,
    Plaintiff,
    v.
JEFFREY G. TRIMBATH, et al.,
    Defendants

Case No. 3:07-181-KRG-KAP

**Report and Recommendation**

Recommendation

Plaintiff was a federal inmate who claims that defendants were deliberately indifferent to his serious medical needs, Estelle v. Gamble, 429 U.S. 97 (1976) and Carlson v. Green, 446 U.S. 14, 17-18 (1980), and negligent as well. Pending is defendants' motion to dismiss or for summary judgment, docket no. 27. I recommend that summary judgment be granted to defendants.

Report

Plaintiff served a 33 month sentence for bank robbery imposed on October 27, 2005, by the District of Maryland. Plaintiff was incarcerated at F.C.I. Loretto from about November 28, 2005, until he was released to a halfway house in Baltimore on or about November 19, 2007. Plaintiff was released from Bureau of Prisons custody on February 15, 2008.

In July 2007, plaintiff filed a petition for a writ of mandamus alleging that the health care service at F.C.I. Loretto was being deliberately indifferent to plaintiff's serious medical needs. Defendant related that he had an inguinal hernia and a dermatological condition affecting the pigmentation of the skin on his face that the defendants were not treating adequately.

In November 2007, shortly before and after his release from F.C.I. Loretto, plaintiff filed copies of an amended complaint which were consolidated at this number, docket no. 10, docket no. 13, which reiterated claims of deliberate indifference and added claims of state law negligence over the allegedly inadequate treatment of his skin condition. The complaints in the petition for a writ of mandamus about the inguinal hernia were deleted.

After service, defendants filed a motion to dismiss or for summary judgment, docket no. 27, attaching some of plaintiff's medical records reflecting the extensive medical care given to plaintiff while at F.C.I. Loretto. docket no. 28. In addition to a defense on the merits by the medical personnel, the nonmedical defendants defend on the basis that they had no reason to believe that plaintiff's medical care might be inadequate[1]. Defendants also move to dismiss on the basis of the failure of plaintiff to complete the administrative prerequisites to filing a suit directly based on the Eighth Amendment for deliberate indifference, or the administrative claim procedure under the Federal Tort Claims Act, 28 U.S.C.§§ 1346, 2671-80, before filing suit for negligence.

---

1. In the absence of truly unusual circumstances (not alleged here), prison administrators who defer to the recommendations of medical personnel within a normally functioning system does not have the requisite subjective state of mind for liability. Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir.2004). The claims against defendants Dodrill, Watts, and Yost should be dismissed for failure to state a claim.

The Prison Litigation Reform Act of 1996 amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e(a), to state:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion of remedies requirement is satisfied by substantial compliance with the existing remedial scheme, see Nyhuis v. Reno, 204 F.3d 65, 77-78 (3d Cir.2000), but exhaustion of remedies by an inmate must take place, regardless of the adequacy of the administrative process, Booth v. Churner, 532 U.S. 731, 734 (2001), before the civil complaint is filed. Failure to exhaust administrative remedies in accordance with the prison's requirements constitutes procedural default barring a subsequent civil claim in federal court. Woodford v. Ngo, 548 U.S. 81 (2006).

Here, plaintiff exhausted his administrative remedies over his complaints of inadequate dermatological care[2]. He may therefore proceed with his deliberate indifference claims. As for plaintiff's negligence claims, he may not proceed under the Federal Tort Claims Act, because he did not comply with the procedural requirements for FTCA complaints, which the Court of Appeals for

---

2. Plaintiff did not exhaust any claim as to medical treatment for his hernia. The parties treat that claim as if it were in the amended complaint, but even if it were, it would have to be dismissed.

the Third Circuit summarized in <u>Deutsch v. United States</u>, 67 F.3d 1080, 1091 (3d Cir. 1995):

> Cognizable claims under the FTCA include those that are [1] **against the United States**, [2] for money damages, ... [3] for injury or loss of property, ...[4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the actor omission occurred. 28 U.S.C. § 1346(b); <u>Federal Deposit Ins. Corp. v. Meyer</u>, 510 U.S. 471, ----, 114 S.Ct. 996, 1001, 127 L.Ed.2d 308 (1994)(claim against United States is cognizable under the FTCA if it alleges the six elements outlined above). **Before commencing an action under the FTCA, a claimant must have first presented the claim, in writing and within two years after its accrual, to the appropriate federal agency, and the claim must have been denied. 28 U.S.C. §§ 2401(b), 2675(a).** To be properly presented to the federal agency, the damages claim must be for a sum certain. 28 C.F.R. §14.2(a) (1987). The requirements that a claimant timely present a claim, do so in writing, and request a sum certain are jurisdictional prerequisites to a suit under the FTCA. <u>Corte-Real v. United States</u>, 949 F.2d 484, 485-86 (1st Cir.1991). (citations omitted)(my emphasis)

Plaintiff indisputably has not named the United States as a defendant and indisputably filed his complaint before receiving a final denial from the agency. In fact, plaintiff filed his second set of complaints only about a month after submitting his administrative claim to the Bureau of Prisons on October 4, 2007, and only weeks after being told that his claim was pending. As plaintiff puts it, he "pleads nolo contendere" to this procedural error. docket no. 32 at 26-27. His FTCA claims must be dismissed.

The law in the area of medical care for prison inmates is well settled: prison personnel cannot be deliberately indifferent to a prisoner's serious medical needs. <u>Estelle v.</u>

Gamble, 429 U.S. 97 (1976) and Carlson v. Green, 446 U.S. 14, 17-18 (1980). Deliberate indifference means a knowing and wilful disregard of an inmate's medical needs by a defendant:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994). To survive a motion to dismiss the plaintiff does not have to allege that a defendant admitted his consciousness of the risk of serious harm: in Estelle v. Gamble itself, the Supreme Court accepted as sufficient to state a claim for deliberate indifference allegations that a prison physician threw away an inmate's ear and stitched the stump rather than treat the prisoner after an altercation. 429 U.S. at 104 n.10. See also Williams v. Kort, 223 Fed.Appx. 95, 100-01 (3d Cir.2007)(affirming the grant of summary judgment but observing that allegations that defendant physician's assistants "insisted on courses of treatment they knew were ineffective" were adequate to allege deliberate indifference.)

At the summary judgment stage, however, plaintiff must do more than allege deliberate indifference, he must show that there is sufficient direct or circumstantial evidence to allow the judge or jury to conclude: 1) that there was a necessary course of medical treatment that was obvious, and 2) the actual course of

5

action taken by the defendant was so incongruous, that the defendant must have been aware of and disregarded the proper treatment. See Williams v. Kort, supra. And see Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir.2001)(at the summary judgment stage, "subjective knowledge on the part of the official can be proved by circumstantial evidence to the effect that the excessive risk was so obvious that the official must have known of the risk.")

Plaintiff fails to do this in two respects: he fails to show a serious medical condition[3] which obviously needed some specific treatment, or that defendants knew what this treatment was and refused to provide it. To this day it is not clear what caused plaintiff's skin condition (plaintiff does not allege that defendants caused his skin condition) or what plaintiff considers the appropriate treatment to have been that defendants were deliberately indifferent to. Plaintiff's assertion that defendants

---

3. Defendants do not dispute for purposes of this motion that plaintiff has asserted a serious medical need as that term is used in Estelle v. Gamble. They deny that their treatment of that need was inappropriate and obviously differed with plaintiff in their assessment of the urgency of plaintiff's medical need. The severity or urgency of a serious medical need affects the assessment of the deliberate indifference element of plaintiff's claim. Plaintiff's dissatisfaction with defendants' treatment does not create a genuine dispute of fact because plaintiff is not a medical expert qualified to assess defendants' actions. Plaintiff also cannot assert that because the defendants gave him "guilty looks" in the prison cafeteria or elsewhere, that equates to evidence that defendants in fact drew the conclusion that there was a serious risk of harm to plaintiff.

should have referred him to an outside specialist directly undercuts a claim of deliberate indifference. While ignorance of the correct medical treatment might make it negligent to fail to call in a specialist, deliberate indifference requires a defendant to be more than negligent: to be deliberately indifferent, a medical defendant must know that a specialist is necessary and refuse to call one in. Not only is there no evidence that defendants in fact believed they were in over their heads, there is no evidence that defendants should have believed their care was improper. In fact, plaintiff's own records show that his doctors make roughly the same assessment and treatment recommendations that defendants did. Plaintiff attaches documents from four medical professionals he has seen since being released from Bureau of Prisons custody. Even discounting the fact that the documents are treatment records and do not express any opinion as to the adequacy of defendants' care, plaintiff's own medical doctors refer to his conditions as being 1) an inguinal hernia capable of being treated by elective surgery at plaintiff's convenience, see docket no. 32, January 28, 2008 office notes of Phuong Nguyen, M.D., and 2) "mild symmetric hyperpig[mentation] bilat[eral] infraorbital," see April 23, 2008 office notes of Oanh Lauring, M.D., which caused no scarring and which one treating physician does not feel "is any significant problem." See January 8, 2008 office notes of Alexander Guba, M.D.

The treatment Doctor Guba prescribed is sunscreen. Another doctor, Doctor D'Antonio, recommended a topical bleaching cream. See April 8, 2008 letter of Richard G. D'Antonio, M.D. With no further evidence that any medical professional believes or ever believed plaintiff had a condition which urgently needed specific dermatological care other than that given to him at F.C.I. Loretto, plaintiff cannot establish that there is a genuine issue as to defendant's deliberate indifference.

It may be, because plaintiff is proceeding pro se, that he did not attach all the medical evidence that he possesses. Plaintiff may submit any additional evidence within the time period for filing objections. On this record, however, there is not the slightest issue of material fact as to defendants' deliberate indifference and summary judgment should be entered for defendants and against plaintiff on any Eighth Amendment claim.

Pursuant to 28 U.S.C. § 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: 26 Febry 2009

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

> Kevin Webster
> 1713 Edgewood Road, Apt AT
> Parkville, MD 21234